## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**ARICK JOHNSON**                                                                 **PETITIONER**

**V.**                              **NO. 4:23-CV-00835-BRW-ERE**

**ERIC S. HIGGINS, SHERIFF,**
**PULASKI COUNTY, ARKANSAS**[1]                              **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Objections, if filed, should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not file objections, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

---

[1] Mr. Johnson names the State of Arkansas and Judge Robert Edwards as Respondents. Because Mr. Johnson is detained at the Pulaski County Detention Facility, the proper Respondent is Eric S. Higgins, Sheriff, Pulaski County, Arkansas. *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority"); Ark. Code Ann. § 12-41-502 (the county sheriff "shall have the custody, rule, and charge of the jail within his or her county and all prisoners committed in his or her county"). ***The Clerk of Court is therefore directed to change the Respondent to Eric S. Higgins, Sheriff, Pulaski County, Arkansas.***

## I.      INTRODUCTION

Arick Johnson, a pretrial detainee in the Pulaski County Detention Facility in Little Rock, Arkansas, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For reasons that follow, the Court recommends that Mr. Johnson's amended petition be denied and the case summarily dismissed without prejudice.[2]

## II.      BACKGROUND[3]

Mr. Johnson faces state charges in five separate cases. On March 8, 2023, in four of those cases, Circuit Judge Robert Edwards[4] (1) revoked Mr. Johnson's bond, (2) ordered a new bond amount of $500,000, and (3) tolled the time for a speedy trial pursuant to Rule 28.1 of the Arkansas Rules of Criminal Procedure so that Mr. Johnson could undergo a mental evaluation. *Arkansas v. Johnson*, Nos. 60CR-21-3977, 60CR-21-1050, 60CR-13-2728, 60CR-19-2000.

On April 12, 2023, the State filed a criminal information in a fifth case ("*Johnson V*"), charging Mr. Johnson with two counts of first-degree terroristic

---

[2] District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).

[3] The background facts are taken from state court records, available at the Arkansas Administrative Office of the Courts Public CourtConnect Website, accessible at https://www.arcourts.gov.

[4] All Pulaski County Circuit Judges recused from cases involving Mr. Johnson, and the Arkansas Supreme Court assigned retired Circuit Judge John Robert Edwards to preside in each case.

threatening and one count of misdemeanor harassment. *Arkansas v. Johnson*, No. 60CR23-1264 (Cir. Ct. Pulaski Cnty.).

On July 10, 2023, Judge Edwards granted defense counsel's motion for a second mental evaluation, and he scheduled a status hearing in all five cases for October 16, 2023. *Id.*

On July 10, 2023, though represented by appointed counsel, Mr. Johnson filed *pro se* motions in *Johnson V*, requesting release and reduced bond. *Doc. 1 at 57, 58*. In support of his release, Mr. Johnson asserted that the prosecutor failed to file an information against him within sixty days of his arrest as required under Arkansas Rule of Criminal Procedure 8.6.[5] *Id. at 57*. In support of a bond reduction, he argued that he "was the one actually being harassed and threatened." *Id. at 58*.

On September 9, 2023, Mr. Johnson filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. *Doc. 1.* On October 13, he filed two amended petitions (*Doc. 3, Doc. 8*),[6] which abandon certain claims set forth in the initial petition and assert two bases for relief: (1) excessive bail; and (2) lack of a

---

[5] The prosecutor filed an information in *Johnson V* on April 12, 2023, thirty-five days after Mr. Edwards was detained on March 8, 2023.

[6] Mr. Johnson labels only one of his pleadings filed October 13 an amended petition, but the Court views both filings as encompassing Mr. Johnson's amended petition. With minor variations, the documents set forth identical facts and claims and differ only with respect to the relief sought. Specifically, one requests reasonable bond or release (*Doc. 3 at 8*), and the other requests that Judge Edwards be removed from Mr. Johnson's cases. *Doc. 4 at 8*.

speedy trial. *Doc. 3 at 7, Doc. 4 at 7.* For relief, Mr. Johnson requests: (1) that he "be brought to court and receive a reasonable bond or be released on his own recognizance" (*Doc. 3 at 8*); and (2) that Judge Edwards be removed from his cases. *Doc. 4 at 8.*

On October 16, 2023, during a pretrial hearing in Mr. Johnson's pending criminal cases, Judge Edwards: (1) declared Mr. Johnson fit to proceed; (2) scheduled a jury trial to begin April 18, 2024; and (3) lowered Mr. Johnson's bond to $200,000.[7]

## III.  DISCUSSION

Section 2241 extends potential habeas relief to pretrial detainees in state custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). However, absent special circumstances and the petitioner's exhaustion of all available state remedies, a federal habeas court must not interfere with state criminal proceedings prior to a trial and conviction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

Here, the face of Mr. Johnson's amended petitions and state court records plainly show that he does not meet the requirements for federal habeas relief.

---

[7] These developments possibly render moot Mr. Johnson's speedy trial and excessive bail claims.

First, an alleged violation of the Sixth Amendment's right to a speedy trial may qualify as an extraordinary circumstance warranting federal habeas review, assuming the petitioner has exhausted his state court remedies and seeks only to enforce his right to a prompt trial. *Braden,* 410 U.S. 484 (1973).  Here, however, Mr. Johnson does not seek an immediate trial, and state court records confirm that he has failed to make any attempt to exhaust available state remedies with respect to his speedy-trial claim.[8]

Second, although the Eighth Amendment's Excessive Bail Clause applies to the states through the Fourteenth Amendment, *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991), Mr. Johnson has not presented his excessive bail claim for appellate review in state court. If Mr. Johnson is unsatisfied with the trial court's recent decision lowering his bond from $500,000 to $200,000, he may seek appellate review. See *Trujillo v. State*, 2016 Ark. 49, 2 (2016) ("The remedy of the writ of certiorari is appropriate to review bail-bond proceedings.").

Third, to the extent that Mr. Johnson seeks federal habeas relief based on alleged violations of state law or procedural rules, his claims are not cognizable in federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we

---

[8] Factors that determine whether the government has abridged a defendant's Sixth Amendment right to a speedy trial include the length of and reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Here, Mr. Johnson complains about a seven-month delay for the purpose of determining his competency to stand trial.

reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Likewise, Mr. Johnson's charge that Judge Edwards engaged in judicial misconduct and should be removed as the presiding judge over his five state court cases is a matter of state law, not cognizable in federal habeas.

## IV.   CONCLUSION

Because it plainly appears that Mr. Johnson is not entitled to federal habeas relief, summary dismissal is warranted.

IT IS THEREFORE RECOMMENDED that Petitioner Arick Johnson's amended petition pursuant to 28 U.S.C. § 2241 be DENIED, and this case be DISMISSED, without prejudice.

Dated 6 November 2023.

_____
UNITED STATES MAGISTRATE JUDGE